## SUPREME COURT.

FRANCIS PONTO, appellant agt. JAMES H. PHELPS, respondent.

Where an offer has been made by the respondent under section 371 of the Code of Procedure, to allow the judgment before the justice to be corrected, and the same has been accepted by the appellant and the judgment corrected accordingly:

*Held*, that the appellant is entitled to an order or judgment of the appellate court for the recovery of the amount of his disbursements on appeal, and his costs in the court below. (*This case is said to be incorrectly reported in vol.* 35 *How. Pr. R. p.* 364.)

*Fifth District, General Term,* 1868.
*Before* FOSTER, MULLIN *and* MORGAN, *J. J.*

THE appellant, after acceptance of the respondent's offer and correction of the judgment in the justice's court, applied to the county court, upon an affidavit showing the facts and setting forth the amount of his disbursements on appeal, and his costs in the justice's court for an order, that the justice apply the same on the execution issued by him, *or for such other or further order in the premises, as the court might see proper to grant.* The correctness of the items of disbursements and costs, were not disputed; and the county court. thereupon, instead of granting an order requiring the justice to make the indorsement on the execution, made an order directing a judgment in favor of the appellant, for the recovery of $12.20, the amount of his disbursements on appeal and his costs in the court below.

The appeal was from this order.

Fisk agt. Chicago, Rock Island and Pacific Railroad Co.

N. WHITING, *for the appellant*, argued that the jurisdiction of the county court was exhausted on the acceptance of the plaintiff's offer and the correction of the justice's judgment. (MORGAN, *J.* The provision of section 371 is, that the corrected judgment shall stand as his judgment, and be enforced accordingly; and that the appellant shall recover his disbursements on appeal, and his costs in the justice's court. The recovery here mentioned must, therefore, be had in the appellate court, as the authority of the justice is exhausted.) The counsel then argued that the county court had no authority to tax the costs. (MORGAN, *J.* The papers do not show that the court taxed the costs. For aught that appears, they may have been taxed by the clerk. But we think no formal taxation was necessary.)

W. J. WALLACE, *for respondent.*

*Per curiam.* The order of the county court is affirmed, with $10 costs.